1  GREGORY C. HESLER, WSBA No. 34217
2  PAINE HAMBLEN LLP
   717 West Sprague Avenue, Suite 1200
3  Spokane, Washington 99201-3505
4  Telephone: (509) 455-6000
   Facsimile: (509) 838-0007
5  greg.hesler@painehamblen.com
6
7  Attorney for Defendant
8
9
10
11
12            THE UNITED STATES DISTRICT COURT
              EASTERN DISTRICT OF WASHINGTON
13
   CONNELLY COMPANY          )
14 INCORPORATED, a Washington )  No.
15 Corporation doing business as Lodi )
   Water Company,            )
16                           )  **DEFENDANT'S NOTICE OF**
                             )  **REMOVAL TO UNITED STATES**
17        Plaintiff,         )  **DISTRICT COURT**
                             )
18 vs.                       )
                             )
19                           )
   PRIMO WATER CORPORATION, a )
20 Delaware Corporation,     )
                             )
21                           )
          Defendant.         )
22                           )
23
24        Pursuant to 28 U.S.C. 1441(b), the Defendant, Primo Water Corporation
25 ("Primo Water"), by and through its attorneys of record, Paine Hamblen LLP,
26
27 DEFENDANT'S NOTICE OF REMOVAL TO UNITED                    *PAINE HAMBLEN LLP*
   STATES DISTRICT COURT  - 1                        717 WEST SPRAGUE AVENUE, SUITE 1200
28                                                       SPOKANE, WASHINGTON 99201
                                                          PHONE (509) 455-6000

hereby gives notice of removal of the above-entitled action from the Superior Court of the State of Washington, in and for the County of Stevens, to the United States District Court for the Eastern District of Washington, and in support thereof, states as follows:

1.     The above-entitled action was commenced in the Superior Court of the State of Washington, in and for the County of Stevens, on or about September 23, 2014, and is currently pending in that Court. It is believed that a Summons was issued at or about that same time.

2.     On or about September 23, 2014, Defendant Primo Water was served with a copy of the Complaint for Breach of Contract and Damages ("Complaint"). A copy of the Complaint is attached hereto as part of Exhibit 1.

3.     On or about September 23, 2014, Defendant Primo Water was also served with a copy of the Summons. A copy of the Summons is attached hereto as part of Exhibit 1.

4.     This is a civil action of which this Court has original jurisdiction under 28 U.S.C. 1332, and is one which may be removed to this Court by the Defendant Primo Water pursuant to the provisions of 28 U.S.C. 1441(b), in that it is a civil action between citizens of different states and the manner in controversy exceeds the sum of $75,000.00, exclusive of interest and costs.

PAINE HAMBLEN LLP
717 WEST SPRAGUE AVENUE, SUITE 1200
SPOKANE, WASHINGTON 99201
PHONE (509) 455-6000

5.    The Defendant, upon information and belief, believes that Plaintiff, Connelly Company Incorporated d/b/a Lodi Water Company ("Lodi Water"), is a Washington Corporation.  Paragraph 1.1 of the Plaintiff's Complaint states that Plaintiff is a Washington Corporation.  (*See,* attached Complaint)  Defendant is a Delaware Corporation. (*See,* Entity Status Report of the Delaware Secretary of State, attached hereto as Exhibit 2)    Paragraph 2.1 of Plaintiff's Complaint acknowledges that Defendant is a Delaware Corporation. (*See,* Complaint)

6.    Thirty (30) days have not yet expired since this action became removable to the United States District Court for the Eastern District of Washington.

7.    Venue is proper in the Eastern District of Washington pursuant to 28 U.S.C. §1391(b).

8.    Plaintiff has alleged causes of action for violation of the Consumer Protection Act, R.C.W. §19.86.010 *et seq.* related to a Sub-Distributor Agreement between Plaintiff Lodi Water and third-party H2 Oregon Water Company.

The Defendant, without admitting that the Plaintiff is entitled to any relief, asserts that, based upon the relief sought by the Plaintiff, it is "more likely than not" that the actual amount in controversy is in excess of $75,000, exclusive of interest and costs. *See,* Sanchez v. Monumental Life Ins. Co., 102 F.3d 398, 403-04

DEFENDANT'S NOTICE OF REMOVAL TO UNITED
STATES DISTRICT COURT - 3

(9th Cir. 1996). In Plaintiff's Complaint, Plaintiff alleges the following damages: (a) $32,540.61 for start-up costs; (b) $7,140.00 for storage fees through September 30, 2014; (c) $1,020.00 for storage fees for October 2014; (d) $6,325.72 for monies owed for products bottled and delivered; (e) $25,000.00 for violations of the Consumer Protection Act, § 19.86.010 *et seq.* (maximum penalty authorized); and (f) not less than $5,000.00 for attorney fees and costs permitted for violations of the Consumer Protection Act, § 19.86.010 *et seq.* (*See,* attached Complaint) Thus, Plaintiff seeks damages, at a minimum, of <u>$77,026.33</u>.

To that end, recoverable attorney fees, which are sought by the Plaintiff here, are included in determining whether the jurisdictional limit of $75,000.00 is satisfied. The United States Supreme Court, in <u>Springstead v. Crawfordsville State Bank</u>, 231 U.S. 541, 541-42 (1913), held that recoverable attorney fees are included in the amount in controversy pursuant to 28 U.S.C. §1332. <u>See, also,</u> <u>Vacca v. Meetze</u>, 499 F.Supp. 1089, 1091 (S.D. Ga., 1980) (attorney fees "allowed by applicable law, may be included in determining the amount in controversy"); <u>Premier Industry Corp. v. Texas Industrial Fastener Co.</u>, 450 F.2d 444, 447 (5th Cir. 1971).

It is a good faith belief of the Defendant that the actual and potential damages the Plaintiff is seeking exceed the sum of $75,000.00. Finally, the

DEFENDANT'S NOTICE OF REMOVAL TO UNITED
STATES DISTRICT COURT - 4

*PAINE HAMBLEN LLP*
717 WEST SPRAGUE AVENUE, SUITE 1200
SPOKANE, WASHINGTON 99201
PHONE (509) 455-6000

1   Plaintiff seeks pre-judgment interest and any other relief deemed just and

2

3   equitable; thus, adding further to the aforementioned amounts in controversy that

4   already exceed $75,000.00.

5       9.      Copies of the State Court docket, together with all pleadings, process

6

7   and orders served on the Defendant in this action are attached hereto as Exhibit 1.

8       10.     Pursuant to 28 U.S.C. 1446(d), the Defendant's Notice to Clerk of

9   Removal to United States District Court, and a copy of this Notice, are being

10

11  served upon Plaintiff's counsel on the date this Notice is signed.

12      11.     Pursuant to 28 U.S.C. 1446(b), the Defendant's Notice to Clerk of

13  Removal to United States District Court has been sent for filing with the Clerk of

14

15  the Superior Court of the State of Washington, in and for the County of Stevens, on

16  the date this Notice is signed.

17      WHEREFORE, Defendant requests that this action be removed from the

18

19  Superior Court of the State of Washington, in and for the County of Stevens, to the

20  United States District Court for the Eastern District of Washington.

21

22

23

24

25

26

27  DEFENDANT'S NOTICE OF REMOVAL TO UNITED
    STATES DISTRICT COURT  - 5
28

1    DATED this _20TH_ day of October, 2014.

2                            PAINE HAMBLEN LLP

3

4

5    By:

6            Gregory C. Hesler, WSBA #34217
             717 West Sprague Avenue, Suite 1200
7            Spokane, Washington 99201-3505
             Telephone: (509) 455-6000
8            Facsimile: (509) 838-0007
             greg.hesler@painehamblen.com
9            Attorneys for Defendant

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27    DEFENDANT'S NOTICE OF REMOVAL TO UNITED               *PAINE HAMBLEN LLP*
      STATES DISTRICT COURT  - 6                   717 WEST SPRAGUE AVENUE, SUITE 1200
28                                                     SPOKANE, WASHINGTON 99201
                                                          PHONE (509) 455-6000

1

## CERTIFICATE OF SERVICE

2

3    I hereby certify that on the ___20th___ day of October, 2014, I served a copy
of the foregoing **DEFENDANT'S NOTICE OF REMOVAL TO UNITED**

4    **STATES DISTRICT COURT** on the following parties by first class mail,
postage prepaid, addressed to:

5

6    Chris A. Montgomery
Montgomery Law Firm

7    344 East Birch Avenue
P.O. Box 269

8    Colville, Washington 99114-0269

9

10

11    By:_____

12    Gregory C. Hesler, WSBA No. 34217
PAINE HAMBLEN LLP

13    717 West Sprague Avenue, Suite 1200
Spokane, Washington 99201-3505

14    Telephone: (509) 455-6000
Facsimile: (509) 838-0007

15    greg.hesler@painehamblen.com

16    Attorney for Defendant Primo Water
Corporation

17

18    I:\Spodocs\40629\00001\PLEAD\01344350.DOC

19

20

21

22

23

24

25

26

27    DEFENDANT'S NOTICE OF REMOVAL TO UNITED
STATES DISTRICT COURT  - 7

28



**Courts Home | Search Case Records**



Search | Site Map |   eService Center

Home   |   Summary Data & Reports   |   Resources & Links   |   Get Help

# Superior Court Case Summary

**Court:** Stevens Superior
**Case Number:** 14-2-00446-8

| Sub | Docket Date | Docket Code | Docket Description | Misc Info |
|-----|-------------|-------------|--------------------|-----------|
| - | 09-23-2014 | FILING FEE RECEIVED | Filing Fee Received | 240.00 |
| 1 | 09-23-2014 | SUMMONS & COMPLAINT | Summons & Complaint-Monies Owed | |
| 2 | 09-24-2014 | AFFIDAVIT/DCLR/CERT OF SERVICE | Affidavit Of Personal Service | |
| 3 | 09-29-2014 | NOTICE OF APPEARANCE ATD0001 | Notice Of Appearance Hesler, Gregory C | |

# About Dockets

**About Dockets**

You are viewing the case docket or case summary. Each Court level uses different terminology for this information, but for all court levels, it is a list of activities or documents related to the case. District and municipal court dockets tend to include many case details, while superior court dockets limit themselves to official documents and orders related to the case.

If you are viewing a district municipal, or appellate court docket, you may be able to see future court appearances or calendar dates if there are any. Since superior courts generally calendar their caseloads on local systems, this search tool cannot display superior court calendaring information.

**Directions**

Stevens Superior
215 S Oak St, Rm 209
Colville, WA 99114-2862
**Map & Directions**
509-684-7520[Phone]
509-684-7527[Phone]
509-685-0679[Fax]

**Disclaimer**

**What is this website?** It is a search engine of cases filed in the municipal, district, superior, and appellate courts of the state of Washington. The search results can point you to the official or complete court record.

**How can I obtain the complete court record?** You can contact the court in which the case was filed to view the court record or to order copies of court records.

*8*

**EXHIBIT 1**

FILED
IN SUPERIOR COURT
STEVENS COUNTY

2014 SEP 23  AM 11: 51

PATRICIA A. CHESTER
COUNTY CLERK

IN THE SUPERIOR COURT OF THE STATE OF WASHINGTON

IN AND FOR THE COUNTY OF STEVENS

CONNELLY COMPANY INCORPORATED,   )   NO: **2014 2 00446 8**
a Washington Corporation doing business as   )
Lodi Water Company,   )
   )
    Plaintiff,   )   SUMMONS
   )   SIXTY (60) DAYS
   )
vs.   )
   )
PRIMO WATER CORPORATION, a   )
Delaware Corporation,   )
   )
    Defendant.   )

**TO:    PRIMO WATER CORPORATION, a Delaware Corporation, Defendant;
and its Registered Agent, NATIONAL CORPORATE RESEARCH, LTD.,
615 S. Dupont Highway, Dover, Delaware 19901.**

A lawsuit has been started against you in the above-entitled Court by Plaintiff,

CONNELLY COMPANY INCORPORATED, a Washington Corporation doing business as

Lodi Water Company. Plaintiff's claim is stated in the written Complaint, a copy of which is

served upon you with this Summons.

In order to defend against this lawsuit, you must respond to the Complaint by stating

your defense in writing, and serve a copy upon the person signing this Summons within sixty

(60) days after the service of this Summons, excluding the date of service, or a default judgment

SUMMONS
SIXTY (60) DAYS – Page 1

MONTGOMERY LAW FIRM
344 East Birch Avenue
P.O. Box 269
Colville, WA 99114-0269
(509) 684-2519
(509) 684-2188 Fax

1   will be entered against you without notice. A default judgment is one where the Plaintiff is

2   entitled to what it asks for because you have not responded. If you serve a Notice of Appearance

3   on the undersigned person, you are entitled to notice before a default judgment may be entered.

4        If you wish to seek the advice of an attorney in this matter, you should do so promptly

5   so that your written response, if any, may be served on time.

6        This Summons is issued pursuant to Rule 4 of the Superior Court Civil Rules of the

7   State of Washington.

8        **DATED** this ___23rd___ day of September, 2014.

9

10
                                Chris A. Montgomery

11                                  WSBA #12377

                                Attorney for Plaintiff

12                                  344 E. Birch Avenue

                                P.O. Box 269

13                                  Colville, Washington 99114-0269

                                (509) 684-2519

14

15

16

17

18

19

20

21

22

23

**MONTGOMERY LAW FIRM**
344 East Birch Avenue
P.O. Box 269
Colville, WA 99114-0269
(509) 684-2519
(509) 684-2188 Fax

**SUMMONS**
**SIXTY (60) DAYS – Page 2**

10



FILED
IN SUPERIOR COURT
STEVENS COUNTY

2014 SEP 23  AM 11: 51

PATRICIA A. CHESTER
COUNTY CLERK

1

2

3

4

5

6

7

IN THE SUPERIOR COURT OF THE STATE OF WASHINGTON
IN AND FOR THE COUNTY OF STEVENS

8

9

10

11

12

13

14

CONNELLY COMPANY INCORPORATED,
a Washington Corporation doing business as
Lodi Water Company,

    Plaintiff,

vs.

PRIMO WATER CORPORATION, a
Delaware Corporation,

    Defendant.

NO: **2014  2  00446  8**

COMPLAINT FOR BREACH OF
CONTRACT AND DAMAGES

15    **COMES  NOW**  the  Plaintiff,  CONNELLY  COMPANY  INCORPORATED,  a

16 Washington Corporation doing business as Lodi Water Company, by and through its attorney,

17 Chris A. Montgomery of Montgomery Law Firm, and states the following:

18    **I.**

19    1.1    Plaintiff, CONNELLY COMPANY INCORPORATED, is a duly licensed

20 Washington Corporation doing business as Lodi Water Company, hereinafter sometimes

21 referred to as LODI. James A. Connelly is the Registered Agent for Plaintiff, CONNELLY

22 COMPANY INCORPORATED, a Washington Corporation doing business as Lodi Water

23 Company.

**COMPLAINT FOR BREACH OF**
**CONTRACT AND DAMAGES** – Page 1
*FILE NO. 8819*

MONTGOMERY LAW FIRM
344 East Birch Avenue
P.O. Box 269
Colville, WA 99114-0269
(509) 684-2519
(509) 684-2188 Fax

1

2                                    **II.**

3         2.1    Defendant, PRIMO WATER CORPORATION, is a Delaware Corporation,

4    doing business in Washington, hereinafter sometimes referred to as PRIMO. PRIMO WATER

5    CORPORATION has not registered with the State of Washington as a foreign corporation. Its

6    Registered Agent in the State of Delaware is NATIONAL CORPORATE RESEARCH, LTD,

7    615 S DUPONT HWY, DOVER, DELAWARE 19901. PRIMO is authorized to transact

8    business in the State of Washington pursuant to RCW 23B.15.010(2)(e), but has failed to

9    designate a Registered Agent in the State of Washington.

10                                   **III.**

11        3.1    PRIMO is in the business of procuring, selling and distributing bottled water,

12   and related products and services, to customers throughout the United States and Canada

13   through independent contractors, including 3 and 5 gallon pre-packaged bottle water exchange

14   services (the *"Primo Business"*).

15                                   **IV.**

16        4.1    PRIMO was established in Eastern Washington and Northern Idaho using Clear

17   Water Springs Company for bottling and distributing PRIMO products. Clear Water Springs

18   Company notified PRIMO on or about June 30, 2013 that it was ending its association with

19   PRIMO on or about October 1, 2013. PRIMO enlisted H2 OREGON COMPANY, with whom

20   it had a regional bottling and distributing agreement in the Portland, Oregon Area to help locate

21   a new bottling distributor for Eastern Washington and Northern Idaho. PRIMO began

22   negotiations with DS Waters of America, Inc., a Delaware Corporation, to take over the bottling

23

**COMPLAINT FOR BREACH OF**
**CONTRACT AND DAMAGES – Page 2**
*FILE NO. 8819*

MONTGOMERY LAW FIRM
344 East Birch Avenue
P.O. Box 269
Colville, WA 99114-0269
(509) 684-2519
(509) 684-2188 Fax

1    and distributing handled by Clear Water Springs Company. The Strategic Alliance Agreement

2    with DS Waters of America did not become effective until November 12, 2013.

3                                          **V.**

4        5.1    PRIMO knew, or had reason to know, that there was going to be a period of time

5    during which it would have no Strategic Alliance Agreement with any bottler and distributor for

6    Eastern Washington and Northern Idaho, so it enlisted the services of various small bottler and

7    distributor companies like LODI to bottle and distribute PRIMO labeled products in Eastern

8    Washington and Northern Idaho.

9                                          **VI.**

10       6.1    H2 OREGON contacted LODI on behalf of PRIMO to inquire if LODI was

11   interested in the *"Primo Business"* for areas of Eastern Washington. Upon LODI indicating that

12   it would be interested in bottling and distributing PRIMO products H2 OREGON referred

13   LODI to PRIMO. Bob Heer, Director of Operations for the Western Region for PRIMO,

14   contacted LODI to fulfill PRIMO'S immediate need to get a bottler and distributor in place for

15   areas of Northeastern Washington, indicating that time was of the essence.

16                                         **VII.**

17       7.1    A meeting was arranged for Bob Heer, Director of Operations for the Western

18   Region for PRIMO, to come to the LODI bottling and distributing facility in Chewelah,

19   Washington, within a week of initial contact, to inspect the LODI facility to make sure that the

20   LODI facility met PRIMO standards. The inspection occurred on or about August 29, 2013. The

21   LODI facility passed inspection and Bob Heer offered LODI the bottling and distributorship for

22   Eastern Washington and North Idaho (except for the Tri-Cities Area of Richland, Kennewick

23   and Pasco), which would include LODI needing to modify its production and warehouse facility

**COMPLAINT FOR BREACH OF**
**CONTRACT AND DAMAGES** – Page 3
*FILE NO. 8819*

MONTGOMERY LAW FIRM
344 East Birch Avenue
P.O. Box 269
Colville, WA 99114-0269
(509) 684-2519
(509) 684-2188 Fax

1  to accommodate PRIMO products for what was represented as a potential "long term"

2  agreement with PRIMO. LODI indicated that it needed a week or so to look at what it would

3  take to make the modifications to bottle and distribute PRIMO products, so no immediate

4  agreement was reached.

5                                       **VIII.**

6          8.1    On or about September 6, 2013 LODI contacted Bob Heer to indicate its

7  willingness to bottle and distribute PRIMO products if an appropriate agreement could be

8  reached. On September 11, 2013 Tim Dougherty of H2 OREGON emailed LODI a Primo Sub-

9  Distributor Agreement that had been prepared at the direction of Bob Heer, even though it

10  exceeded any existing, or concurrent authority granted to H2 OREGON by PRIMO in H2

11  OREGON'S Regional Bottling and Distributing Agreement. A copy of the open ended Primo

12  Sub-Distributor Agreement sent to and signed by LODI and H2 OREGON is attached hereto as

13  Exhibit "A" and incorporated as if though fully set-forth herein.

14                                       **IX.**

15          9.1    James A. Connelly, President of LODI, spoke with Bob Heer before signing the

16  Primo Sub-Distributor Agreement, who explained that PRIMO wanted to contract with LODI

17  through H2 OREGON to expedite the transition between Clearwater Springs and LODI, who

18  provided assurances that there would be a separate "long term" agreement between PRIMO and

19  LODI, within a year or so, at the end of the transition period, unless LODI wanted out of the

20  Agreement on ninety (90) days advance notice, or LODI'S performance fell below the company

21  standard of PRIMO (at no time relevant hereto did LODI'S performance ever fall below the

22  company standards of PRIMO).

23

**COMPLAINT FOR BREACH OF**
**CONTRACT AND DAMAGES** – Page 4
*FILE NO. 8819*

MONTGOMERY LAW FIRM
344 East Birch Avenue
P.O. Box 269
Colville, WA 99114-0269
(509) 684-2519
(509) 684-2188 Fax

9.2     David Bunn, Director of Operations-West for PRIMO distributed a Service Partner Letter Dated October 15, 2013 and followed up with a personal call to James A. Connelly, President of LODI, on December 20, 2013 introducing himself and David Mills, Vice President of Finance for PRIMO, by way of a conference call. It was during this call that Mr. Bunn fired up the smoke and mirrors by trying to make it appear that LODI was working under the H2 OREGON Banner. Mr. Connelly immediately corrected Mr. Bunn by informing him that his contract with PRIMO and H2 OREGON was fashioned at the direction of Bob Heer, former Director of Operations for the Western Region for PRIMO, to facilitate PRIMO'S immediate need to get a bottler and distributor in place for Northeastern Washington.

9.3     Both H2 OREGON and LODI were misled by Bob Heer as he explained that he was trying to position H2 OREGON to take over LODI'S Region in the event LODI did not work out and wanted out of the contract. The contract provided for compensation at $2.90 for each PRIMO 5 or 3 gallon bottle sold at store level, with LODI being paid by the 15th of the month for the preceding month's sales with a breakdown for each store.

9.4     After LODI started bottling and distributing for PRIMO, commencing October 1, 2013, LODI was advised on October 15, 2013 by PRIMO that David Bunn would be taking over for Bob Heer. On November 12, 2013, through a public announcement, PRIMO announced its alliance with D.S. Waters, however, PRIMO did not contact LODI directly to advise of the impact of the alliance with D.S. Waters. Through H2 OREGON, LODI was advised to submit an invoice for recovery of its start-up costs, which has never been paid by PRIMO.

COMPLAINT FOR BREACH OF
CONTRACT AND DAMAGES – Page 5
FILE NO. 8819

MONTGOMERY LAW FIRM
344 East Birch Avenue
P.O. Box 269
Colville, WA 99114-0269
(509) 684-2519
(509) 684-2188 Fax

## X.

10.1   In order for LODI to begin bottling and distributing PRIMO products it was necessary for LODI to modify it's bottling and distributing facility. PRIMO agreed to provide the necessary Reverse Osmosis (RO) equipment, mineral injection system, minerals and formula, transportation racks, bottles – 3 and 5 gallon, caps, route support systems, hardware and software. In order for LODI to incorporate the PRIMO equipment, etc. into its bottling and distributing facility it was necessary for LODI to add storage capacity for PRIMO finished products by modifying its plumbing, production space, and warehouse facility. Diagrams of the pre-existing and modified production flow for LODI are attached hereto as Exhibits "B" and "C" respectively and incorporated by this referenced as if fully set-forth herein.

## XI.

11.1   An itemized list of damages suffered by LODI as a result of its reliance on PRIMO'S assurances, through its authorized representative, Bob Heer, Director of Operations for the Western Region for PRIMO, is as follows:

Lodi Water Company's direct costs to add PRIMO Water Production:

| FIXED ASSET PURCHASE: | |
|---|---|
| 1500 gal Storage Tank | $1,413.33 |
| Fittings and Pipe | $1,805.14 |
| Platform Materials | $ 591.69 |
| Pump | $ 844.01 |
| Electrical | $ 403.50 |
| Misc. Supplies - Paint, plumbing etc. | $ 912.44 |
| SUB-TOTAL | $5,970.11 |
| LABOR: | |
| Platform - 36 man Hours @ $25/hr. | $ 900.00 |
| Painting 12 man hours @25/hr. | $ 300.00 |
| Plumbing 16 man hours @$60/hr. | $ 960.00 |
| Supervisor 54 man hours @$50/hr. | $2,700.00 |
| SUB-TOTAL | $4,856.00 |

MONTGOMERY LAW FIRM
344 East Birch Avenue
P.O. Box 269
Colville, WA 99114-0269
(509) 684-2519
(509) 684-2188 Fax

| MILEAGE: | |
|---|---|
| 2 trips to Spokane 220 miles @$.55/mile | $121.00 |
| 15 Trips to Chewelah 90 miles @$.55/mile | $49.50 |
| **SUB-TOTAL** | **$170.50** |
| Dismantling of RO, Mineral Injection, Storage Tank and Platform | |
| Projected Cost | **$4,500.00** |
| Lodi Water Company Planning and Administrative Fees | |
| 88 hrs. @$80/hr. | **$7,040.00** |
| Professional and Consulting Services | **$5,000.00** |
| **TOTAL** | **$32,540.61** |

**Note:** This does *NOT* include Lodi Water Company's allocated costs of fair rental value of approximately 1,500 square feet of warehouse space at $.68 per square foot ($1,020.00 per month, times seven (7) months, February 1, 2014 through September 30, 2014 = $7,140.00, plus $1,020.00 each month thereafter until removed) to store fixed assets to service PRIMO.

## XII.

12.1    Product bottled and delivered by LODI for the Months of October, 2013 through January, 2014 which still has not been paid for by PRIMO is set-forth below as follows:

| | |
|---|---|
| Bottles Delivered – 6008 @ $2.90 Each | $17,423.20 |
| Bottles Paid – 3449 @ $2.90 Each | $10,002.20 |
| Bottles Paid – 482 @ $2.59 Each | $1,248.39 |
| **BALANCE DUE TO LODI:** | |
| Unpaid Bottles – 2077 @ $2.90 Each | $6,023.30 |
| Short Paid Bottles – 482 @ $.31 Each | $149.42 |
| Bottles Held In Inventory – 170 @ $.90 Each | $153.00 |
| **TOTAL DUE LODI:** | **$6,325.72** |

12.2    Pursuant to RCW 19.52.010 LODI is entitled to recover twelve percent (12%) interest from the normal due date of February 15, 2014 to September 23, 2014 in the amount of $458.54, with a $2.08 per diem each day thereafter that the sum remains unpaid.

## XIII.

13.1    The actions of Primo Water Corporation as described herein amount to Fraudulent Inducement and an Unfair Business Practice in Violation of RCW 19.86.010 et seq.,

**COMPLAINT FOR BREACH OF CONTRACT AND DAMAGES -- Page 7**
*FILE NO. 8819*

MONTGOMERY LAW FIRM
344 East Birch Avenue
P.O. Box 269
Colville, WA 99114-0269
(509) 684-2519
(509) 684-2188 Fax

1 commonly known as the Consumer Protection Act. This Act declares unfair competition and

2 practices unlawful and provides for recovery of actual damages, reasonable attorney's fees,

3 costs and treble punitive damages up to $25,000.00.

### XIV.

5     14.1    PRIMO may attempt to claim that it does not have a contract with LODI due to

6 its manipulation of its pre-existing Agreement with H2 OREGON. However, privity of contract

7 is not an element of a Consumer Protection Act Claim and the remedies afforded under the Act

8 are not limited to Washington citizens. *See Armer v. Openmarket, Inc.*, 2009 U.S. Dist. LEXIS

9 72434, -- F. Supp. 2d -- (July 27, 2009). Private action under the Consumer Protection Act

10 (CPA), Chapter 19.86 RCW, may be brought by one who is not in a consumer or other business

11 relationship with the actor against whom the suit is brought. *See Panag v. Farmers Ins. Co. of*

12 *Wash.*, 166 Wn.2d 27, 204 P.3d 885 (2009).

### XV.

14     15.1    A violation of the Consumer Protection Act does not require a finding of

15 conspiracy; thus, unilateral conduct which is unfair and anticompetitive may constitute a

16 violation of the Act. *See State v. Black*, 100 Wn.2d 793, 676 P.2d 963 (1984). A claim for relief

17 under the Consumer Protection Act need not be supported by proof of misrepresentation. *See*

18 *Testo v. Russ Dunmire Oldsmobile, Inc.*, 16 Wn. App. 39, 554 P.2d 349 (1976). The actions of

19 PRIMO'S authorized representatives, Bob Heer and David Bunn, as described in Paragraph

20 Nos. 9.1 through 9.4 hereof demonstrate misrepresentations, unfair, and anticompetitive

21 conduct by PRIMO which was reasonably relied upon by LODI and resulted in damages as

22 outlined herein by LODI.

23

**MONTGOMERY LAW FIRM**
344 East Birch Avenue
P.O. Box 269
Colville, WA 99114-0269
(509) 684-2519
(509) 684-2188 Fax

## XVI.

16.1    The presence of public interest is demonstrated when the proof establishes that (1) the defendant by unfair or deceptive acts or practices in the conduct of trade or commerce has induced the plaintiff to act or refrain from acting (LODI was induced to make substantial modifications to its operations to accommodate PRIMO with the promise of a long term relationship); (2) the plaintiff suffers damage brought about by such action or failure to act (LODI incurred substantial expenses modifying its facilities as result of the representations of PRIMO); and (3) the defendant's deceptive acts or practices have the potential for repetition (LODI was not the only independent bottler and distributor that was induced by PRIMO'S representations in this region). *See Anhold v. Daniels*, 94 Wn.2d 40, 614 P.2d 184 (1980). One who offers an opinion as to the future, knowing of but not disclosing facts that would lead a reasonable person to question the opinion, is chargeable with an unfair or deceptive act in violation of this act. *See Robinson v. McReynolds*, 52 Wn. App. 635, 762 P.2d 1166 (1988). PRIMO failed to disclose to LODI its on-going negotiations with D.S. Waters and others to take over the region and eliminate all the independent local bottlers and distributors.

## XVII.

17.1    In determining whether a method of competition is unfair for purposes of the Act, a trier of fact may consider improper use of a competitor's customer lists, intent to destroy his business, and other factors relating to the good faith of the parties. *See Ivan's Tire Serv. Store, Inc. v. Goodyear Tire & Rubber Co.*, 10 Wn. App. 110, 517 P.2d 229 (1973), *aff'd*, 86 Wn.2d 513, 546 P.2d 109 (1976). LODI was induced by PRIMO'S actions to make substantial unnecessary modifications to its facilities to accommodate PRIMO, which took resources away from LODI to grow its business in a very competitive market. PRIMO and LODI compete head

**COMPLAINT FOR BREACH OF
CONTRACT AND DAMAGES** – Page 9
*FILE NO. 8819*

MONTGOMERY LAW FIRM
344 East Birch Avenue
P.O. Box 269
Colville, WA 99114-0269
(509) 684-2519
(509) 684-2188 Fax

1   to head in many bottled water products in retail locations. If a corporate officer participates in

2   wrongful conduct, or knowingly approves of it, he is also liable for penalties. *See. Grayson v.*

3   *Nordic Constr. Co.*, 92 Wn.2d 548, 599 P.2d 1271 (1979). A deceptive practice in violation of

4   this act is a type of wrongful conduct which justifies imposing personal liability on a

5   participating corporate officer. *See Grayson v. Nordic Constr. Co.*, 92 Wn.2d 548, 599 P.2d

6   1271 (1979). Bob Heer, David Bunn, and David Mills were corporate officers of PRIMO and

7   made the representations on behalf of PRIMO. LODI reserves the right to amend this Complaint

8   to include a claim for personal liability on behalf of Bob Heer, David Bunn, and David Mills

9   should PRIMO contest this claim.

## XVIII.

11      18.1   RCW 19.86.093. Civil action -- Unfair or deceptive act or practice -- Claim

12   elements. In a private action in which an unfair or deceptive act or practice is alleged under

13   RCW 19.86.020, a claimant may establish that the act or practice is injurious to the public

14   interest because it:

15     (1) Violates a statute that incorporates this chapter;

16     (2) Violates a statute that contains a specific legislative declaration of public interest impact;

17   or

18     (3) (a) Injured other persons; (b) had the capacity to injure other persons; or (c) has the

19   capacity to injure other persons.

20      18.2   PRIMO has violated RCW 19.86.010 and RCW 19.86.093 which contain a

21   specific declaration of public interest impact by eliminating competition in a highly competitive

22   bottled water market, resulting in fewer choices for the consumer. LODI and other local area

23   bottled water producers and distributors have been injured by the actions of PRIMO.

**COMPLAINT FOR BREACH OF**
**CONTRACT AND DAMAGES – Page 10**
*FILE NO. 8819*

MONTGOMERY LAW FIRM
344 East Birch Avenue
P.O. Box 269
Colville, WA 99114-0269
(509) 684-2519
(509) 684-2188 Fax

1

## XIX.

2    19.1    PRIMO fraudulently induced LODI to enter into the transaction. The facts

3  indicated above in Paragraph Nos. 1.1 through 18.1 indicate that LODI meets the essential

4  elements of fraud as set forth in numerous Washington cases. *See, e.g., Webster v. L. Romano*

5  *Eng'r Corp.*, 178 Wash. 118, 34 P.2d 428 (1934). Fraudulent Inducement Elements: (1) That

6  representation was made by defendant or with his authority (Bob Heer); (2) that it related to a

7  material fact (bottling and distribution of bottled water products); (3) that it was false and

8  wherein it was false (PRIMO ; (4) that the plaintiff had a right to rely on it and did rely on it; (5)

9  that plaintiff was damaged as the result of the representations. *Eyers v. Burbank Co.*, 97 Wash.

10  220, 228, 166 P. 656, (1917).

11

## XX.

12    20.1    LODI was induced by fraud committed by PRIMO to enter into a contract with

13  PRIMO. As a result, LODI may elect between two remedies: It may treat the contract as

14  voidable and sue for the equitable remedy of rescission; or it may treat the contract as existing

15  and sue for damages at law under the theory of "deceit." The latter is grounded in tort. A person

16  who has been injured by the fraud of another or others, by either a party or parties to a

17  transaction or a third party or third parties committing fraudulent acts involving or bringing

18  about the negotiation of a transaction, such transaction usually but not necessarily involving

19  business or commercial dealings, may maintain an action at law in tort or recover damages for

20  the injury received from the fraud and deceit perpetrated by such other or others. The

21  foundation of the action is not contract, but tort." 37 Am.Jur.2d Fraud and Deceit § 332 at 439.

22  [emphasis added]. *Woolcock v. Beartooth Ranch*, 196 Mont. 65, 637 P.2d 520 (1982)(purchase

23

**MONTGOMERY LAW FIRM**
344 East Birch Avenue
P.O. Box 269
Colville, WA 99114-0269
(509) 684-2519
(509) 684-2188 Fax

1    of a bull at auction); *State ex rel. Dimler v. District Court*, 170 Mont. 77; 550 P.2d 917 (1976)

2    (purchase of house); and *Vance v. Schulder*, 547 S.W.2d 927 (Tenn. 1977) (securities).

3

## XXI.

4    21.1    In the alternative, based upon the actions of PRIMO as described in Paragraph

5    Nos. 1.1 through 20.1 hereof, LODI is entitled to recover damages, as outlined herein, based

6    upon breach of contract, unjust enrichment, detrimental reliance, equitable estoppel, and/or

7    quantum meruit.

8

## PRAYER FOR RELIEF

9    Based upon the foregoing, LODI requests the following relief:

10    1.) Judgment for its start-up costs in the amount $32,540.61;

11    2.) Judgment for storage fees of $7,140.00 through September 30, 2014, plus $1,020.00

12        each month thereafter until the PRIMO equipment is removed from the LODI

13        warehouse facilities;

14    3.) Judgment for monies owed for PRIMO product bottled and delivered and never paid

15        for in the amount of $6,325.72;

16    4.) Judgment for pre and post judgment interest owed in the amount of $458.54 to

17        September 23, 2014, plus a per diem of $2.08 for each day thereafter until paid in

18        full;

19    5.) Judgment in the amount of $25,000.00 as the maximum penalty authorized by RCW

20        19.86.010 for violation of the Consumer Protection Act;

21    6.) Judgment for reasonable attorney's fees and costs in an amount of not less than

22        $5,000.00 pursuant to RCW 19.86.010 for violation of the Consumer Protection Act;

23

**COMPLAINT FOR BREACH OF
CONTRACT AND DAMAGES** – Page 12
*FILE NO. 8819*

**MONTGOMERY LAW FIRM**
344 East Birch Avenue
P.O. Box 269
Colville, WA 99114-0269
(509) 684-2519
(509) 684-2188 Fax

1    7.) Judgment for such other and further relief as the Court may deem just and reasonable

2    under the circumstances of this case.

3    **DATED** this _23_ day of September, 2014.

4

                          Chris A. Montgomery

5                          WSBA #12377
                          Attorney for Plaintiff, Connelly Company

6                          Incorporated, d/b/a Lodi Water Company

7

8    STATE OF WASHINGTON        )
                                   ) ss.

9    COUNTY OF STEVENS          )

10    I, JAMES A. CONNELLY, being first duly sworn, upon oath, depose and state as

11    follows:

12    I am the President of Connelly Company Incorporated, a Washington Corporation doing

13    business as Lodi Water Company, the Plaintiff in the above-entitled action. I have read the

14    foregoing Complaint for Breach of Contract and Damages, know the contents thereof and

15    believe the same to be true.

16    I certify under penalty of perjury under the laws of the State of Washington that the

17    foregoing is true and correct.

18    **DATED** this _23_ day of September, 2014 at Colville, Stevens County, Washington.

19

20

21                          James A. Connelly, President,
                          Connelly Company Incorporated,

22                          a Washington Corporation doing
                          business as Lodi Water Company

23

**MONTGOMERY LAW FIRM**
344 East Birch Avenue
P.O. Box 269
Colville, WA 99114-0269
(509) 684-2519
(509) 684-2188 Fax

EXHIBIT "A"

EXHIBIT "A"

# EXHIBIT

# "A"

EXHIBIT "A"

EXHIBIT "A"

24

### Primo Sub-Distributor Agreement

The following terms and conditions are between Lodi Water Company, Jim Connelly and Primo Regional Operator (RO); H2Oregon Water Company. This agreement covers the region and retail stores approved for Primo product distribution.

**Distribution:** Lodi Water Company will provide service and delivery to all locations in your area providing a service delivery schedule that meets the store needs to provide well-stocked inventory to avoid stock outs and maximize sales. Display racks and recycle centers are to be clean and maintained.
Recycle centers will be emptied on each visit, cleaned as needed, tickets replenished and kept in working order.
From time to time, display graphics may need changed from wear. All display racks, RC bins, ticket dispensers and graphic panels will be provided by Primo at no charge.
All promotional material or sales material will be provided, along with Primo support, to add new locations to your area.
Attached is the current customer location list and service area map.

**Bottler:** Lodi Water Company will bottle Primo brand bottled water to Primo specifications and standards.

**Provided by Primo:** RO equipment (loaned), mineral injection system (loaned), minerals and formula, transportation racks, bottles – 3 and 5 gallon, caps, route support systems, hardware and software.

**Provided by Lodi Water Company:** RO water storage tank, raw water, quality assurance testing, labor, processing and bottling, plant facility, inventory storage, transportation and product delivery.

**Compensation:** $2.90 for each Primo 5 or 3 gallon bottle sold at store level. Most locations are a scan-based sale. Primo and its distributors are paid when the product is sold at store level. Lodi will be paid by the 15th of the month for preceding month's sales with a breakdown for each store.

Primo, H2Oregon and Lodi Water Company will work together to develop a team that maximizes sales and profitability. As new locations are assigned in your area, set-up compensation will be paid for each new location based on the Primo program for that store group. A sales commission will also be paid for stores added by Lodi and determined by Primo programs.
Primo reserves the right to cancel agreement with its distributors if quality standards of its product or service fall below the company standard.
Either party may cancel this agreement with 90 days written notice.

We look forward to a long relationship with our Primo team.

_____        _____
Lodi Water Company – Jim Connelly        Date    9/11/13

_____        _____
Primo RO – H2Oregon Water Company – Ross Rosette    Date    10-3-13

EXHIBIT "B"

EXHIBIT "B"

# EXHIBIT

# "B"

EXHIBIT "B"

EXHIBIT "B"

26

Lodi Water Company

# PRODUCT FLOW

## SITE #1



All processes are at ambient temperature.

EXHIBIT "C"

EXHIBIT "C"

# EXHIBIT

# "C"

EXHIBIT "C"

EXHIBIT "C"

JPEG image, 3229 x 2484 pixels, Scaled (41%)                https://mail-attachment.googleusercontent.com/attachment/u/0/?ui=2...



\* supplied by Primo

balance supplied by Lodi

29

FILED
IN SUPERIOR COURT
STEVENS COUNTY

2014 SEP 24  PM 1:48

PATRICIA A. CHESTER
COUNTY CLERK

IN THE SUPERIOR COURT OF THE STATE OF WASHINGTON

IN AND FOR THE COUNTY OF STEVENS

CONNELLY COMPANY INCORPORATED,)
a Washington Corporation doing business as
Lodi Water Company,

    Plaintiff,

vs.

PRIMO WATER CORPORATION, a
Delaware corporation,

    Defendant.

NO: 2014-2-00446 8

COVER SHEET

AFFIDAVIT OF PERSONAL SERVICE

**AFFIDAVIT OF PERSONAL SERVICE**

**AFFIDAVIT OF PERSONAL SERVICE**
**File No. 8819**

MONTGOMERY LAW FIRM
344 East Birch Avenue
P.O. Box 269
Colville, WA 99114-0269
(509) 684-2519
(509) 684-2188 Fax

# IN THE SUPERIOR COURT OF THE STATE OF WASHINGTON
## IN AND FOR THE COUNTY OF STEVENS

CONNELLY COMPANY INCORPORATED,  }
a Washington Corporation doing business as  }        NO: 2014 2 00446 8
Lodi Water Company,  }
    *Plaintiff,*  }
      }
    v.  }
      }
PRIMO WATER CORPORATION, a  }
Delaware Corporation,  }
    *Defendant.*  }

## AFFIDAVIT OF PERSONAL SERVICE

STATE OF DELAWARE  }
      }        ss:
COUNTY OF KENT  }

I, Tina Irizarry, of the State of Delaware, County of Kent, being duly sworn, say that on the 24th day of September, 2014, I personally served a Summons and Complaint National Corporate Research, Ltd., located at 615 South DuPont Highway, Dover, DE 19901.

**PRIMO WATER CORPORATION**

Name of individual who accepted service:     Ashley Groff @ 9:38 a.m.

Description of individual served: Caucasian female, approximately 5'4", 125 lbs., 20-25 years of age with blonde hair.

*Tina Irizarry*
Tina Irizarry

Subscribed and sworn before me
This 24th day of September, 2014.

Notary Public

Shelly Rae Miles
Notary Public
State of Delaware
Kent County
Notary No. 20140114000009
My Commission Expires on Jan 14, 2016

*31*

1

2

3

4       IN THE SUPERIOR COURT OF THE STATE OF WASHINGTON

5              IN AND FOR THE COUNTY OF STEVENS

6

7   CONNELLY COMPANY                      )
    INCORPORATED, a Washington            )
8   Corporation doing business as Lodi Water )
    Company,                              )              NO. 2014-2-00446-8
9                                          )
            Plaintiff,                     )
10                                         )       GR 17(a)(2) DECLARATION
    vs.                                    )
11                                         )
    PRIMO WATER CORPORATION, a            )
12  Delaware Corporation,                  )
                                           )
13          Defendant.                     )

14          I am the person responsible for the filing of the foregoing document, to which this
    declaration is attached as the last page pursuant to GR17(a)(2).
15          1.      The document that is to be filed is titled: AFFIDAVIT OF PERSONAL
                    SERVICE
16          2.      My telephone number, fax number and address are listed below.
            3.      I have examined the document, emailed to Montgomery Law Firm on September
17  24, 2014 and have determined that it consists of three (3) pages, including this Declaration page,
    and that it is complete and legible.
18
19          Under penalty of perjury under the laws of the State of Washington, I declare the
    preceding statements to be true and correct.
20
            DATED this 24 day of September, 2014, in Colville, Washington.
21
22                                                      Shandy M. Wahl
                                                        Shandy M. Wahl

MONTGOMERY LAW FIRM
344 East Birch Avenue
P.O. Box 269
Colville, WA 99114-0269
(509) 684-2519
(509) 684-2188 Fax

32

**RECEIVED**

SEP 30 2014

**PAINE HAMBLEN LLP**

COPY
**ORIGINAL FILED**

**SEP 2 9 2014**

**SUPERIOR COURT**
**STEVEN'S COUNTY, WA**

IN THE SUPERIOR COURT OF THE STATE OF WASHINGTON
IN AND FOR THE COUNTY OF STEVENS

CONNELLY COMPANY INCORPORATED, )
a Washington Corporation doing business as )   No. 2014 2 00446-8
Lodi Water Company, )
)
        Plaintiff, )   **NOTICE OF APPEARANCE**
)
vs. )
)
PRIMO WATER CORPORATION, a Delaware )
Corporation, )
)
        Defendant. )
_____ )

TO:    THE CLERK OF THE COURT; and

TO:    CONNELLY COMPANY INCORPORATED, Plaintiff; and

TO:    CHRIS A. MONTGOMERY, Plaintiff's attorney:

        YOU AND EACH OF YOU, will please take notice that **DEFENDANT, PRIMO**

**WATER CORPORATION,** hereby enters its appearance in the above cause and requests

that all further pleadings and papers herein (except process) be served upon its attorneys, the

undersigned, at the address below stated.

NOTICE OF APPEARANCE - 1

                   *PAINE HAMBLEN LLP*
           717 WEST SPRAGUE AVENUE SUITE 1200,
      SPOKANE, WA 99201 PHONE (509) 455-6000
                FAX (509) 838-0007

1

2     DATED this ___26TH___ day of September, 2014.

3                                            PAINE HAMBLEN LLP

4

5                              By: _____

6                                  Gregory C. Hesler, WSBA No. 34217
                                   Attorneys for Defendant

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26   NOTICE OF APPEARANCE  - 2

                                                    *PAINE HAMBLEN LLP*
                                          717 WEST SPRAGUE AVENUE SUITE 1200,
27                                        SPOKANE, WA 99201 PHONE (509) 455-6000
                                                    FAX (509) 838-0007

28

34

1

## CERTIFICATE OF SERVICE

2

3      I hereby certify that on this ___70th___ day of September, 2014, I caused to be served a true and correct copy of the foregoing **NOTICE OF APPEARANCE**, by the method indicated below and addressed to the following:

4

5      Chris A. Montgomery                    __✓__        U.S. MAIL
       Montgomery Law Firm                    _____        OVERNIGHT MAIL
6      344 East Birch Avenue                  _____        DELIVERED
       P. O. Box 269                          _____        FACSIMILE
7      Colville, Washington  99114-0269       _____        E-MAIL

8                                             _Debbie Miller_
                                              Debbie Miller
9      I:\Spodocs\91111\00243\plead\01338303.DOCX

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25     NOTICE OF APPEARANCE  - 3

26                                                         *PAINE HAMBLEN LLP*
                                                           717 WEST SPRAGUE AVENUE SUITE 1200,
27                                                         SPOKANE, WA 99201 PHONE (509) 455-6000
                                                           FAX (509) 838-0007
28

35

Delaware.gov | Text Only                    Governor | General Assembly | Courts | Elected Officials | State Agencies

**Department of State: Division of Corporations**

HOME
About Agency
Secretary's Letter
Newsroom
Frequent Questions
Related Links
Contact Us
Office Location

SERVICES
Pay Taxes
File UCC's
Delaware Laws Online
Name Reservation
Entity Search
Status
Validate Certificate
Customer Service
Survey

INFORMATION
Corporate Forms
Corporate Fees
UCC Forms and Fees
Taxes
Expedited Services
Service of Process
Registered Agents
Get Corporate Status
Submitting a Request
How to Form a New
Business Entity
Certifications, Apostilles
& Authentication of
Documents

Privacy Policy  Frequently Asked Questions  View Search Results

## Entity Details

THIS IS NOT A STATEMENT OF GOOD STANDING

| | | Incorporation Date / Formation Date: | 10/20/2004 (mm/dd/yyyy) |
|---|---|---|---|
| File Number: | 3869890 | | |
| Entity Name: | PRIMO WATER CORPORATION | | |
| Entity Kind: | CORPORATION | Entity Type: | GENERAL |
| Residency: | DOMESTIC | State: | DE |

**REGISTERED AGENT INFORMATION**

| | | | |
|---|---|---|---|
| Name: | NATIONAL CORPORATE RESEARCH, LTD. | | |
| Address: | 615 S DUPONT HWY | | |
| City: | DOVER | County: | KENT |
| State: | DE | Postal Code: | 19901 |
| Phone: | (302)734-1450 | | |

Additional Information is available for a fee. You can retrieve Status for a fee of $10.00 or more detailed information including current franchise tax assessment, current filing history and more for a fee of $20.00.

Would you like ○ Status ○ Status,Tax & History Information  [ Submit ]

[ Back to Entity Search ]

To contact a Delaware Online Agent click here.

site map  |  about this site  |  contact us  |  translate  |  delaware.gov



https://delecorp.delaware.gov/tin/controller

**EXHIBIT 2**